| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Case No. 15-CI-250<br>Court ☑ Circuit ☐ District<br>County Franklin II |
|---|---|---|

**PLAINTIFF**

Ivan Lydell Brown
129 Meadowview Way

Georgetown Kentucky 40324

VS.

**DEFENDANT**

Accenture Federal Services
161 North Clark Street

Chicago Illinois 60601

**Service of Process Agent for Defendant:**
Corporate Creations Network
101 North Seventh Street

Louisville Kentucky 40202

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: March 13th, 2015 Sally Jump, Clerk

By: SH D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

______________________________

this _____ day of _______________, 2______.

Served by: ______________________________

______________________________ Title

NO. 15-CI-250

FRANKLIN CIRCUIT COURT
DIVISION II
JUDGE Wingate

IVAN LYDELL BROWN
129 MEADOWVIEW WAY
GEORGETOWN, KENTUCKY 40324

PLAINTIFF

v.

**VERIFIED COMPLAINT**

ACCENTURE FEDERAL SERVICES
161 NORTH CLARK STREET
CHICAGO, ILLINOIS 60601

DEFENDANT




Serve: CORPORATE CREATIONS NETWORK INC.
101 NORTH SEVENTH STREET
LOUISVILLE, KENTUCKY, 40202

AND

OLIVIA SMITH, IN HER INDIVIDUAL
AND OFFICIAL CAPACITY, SUPERVISOR,
ACCENTURE FEDERAL SERVICES
100 MINUTEMAN PARKWAY
FRANKFORT, KENTUCKY 40601

DEFENDANT

************

Comes now the Plaintiff, Ivan L. Brown, by and through counsel, and for his Complaint against the Defendant, Accenture Federal Services, and Defendant, Olivia Smith, states and represents as follows:

**JURISDICTION AND VENUE**

1. At all times relevant to this lawsuit, the Plaintiff, Ivan Lydell Brown, was a resident of Georgetown, Scott County, Kentucky. The Plaintiff's residence is located at 129 Meadowview Way, Georgetown, Scott County, Kentucky 40107;

2. At all times relevant to this lawsuit the Plaintiff was employed by the Defendant Accenture Federal Services;

3. That since February 10, 2014 the Plaintiff had been employed as a Prevention Coordinator by the Defendant Accenture.;

4. A Defendant in this action is Accenture Federal Services (Defendant Accenture) and the relevant events occurred at Accenture's office located at the Boone National Guard Center, 100 Minuteman Parkway, Frankfort, Kentucky 40601.

5. That Defendant Accenture's service agent is Corporate Creations Network Inc. located at 101 North Seventh Street, Louisville, Kentucky 40202;

6. That a Defendant in this action is Olivia Smith, in her individual and official capacity. Based on information and belief, Defendant Smith is now a resident of the state of Kentucky;

7. The Plaintiff's claims arise under the Kentucky Civil Rights Act, Kentucky Revised Statues Chapter 344 (hereinafter, "KRS 344"), KRS §337, various torts recognized in the Commonwealth of Kentucky, and relate to his employment by the Defendant Accenture;

8. The Plaintiff worked for Accenture Federal Services as a Prevention Coordinator until he was wrongfully and pretextually terminated on or about June 02, 2014;

9. All actions of which the Plaintiff complains herein occurred in Frankfort, Franklin County, Kentucky;

10. Plaintiff's damages exceed the $5,000.00 minimum jurisdictional threshold for this Court; therefore, jurisdiction is proper;

11. Venue properly lies with this Honorable Court;

## FACTS

12. The Plaintiff incorporates the preceding paragraphs, 1 through 11, as if fully set forth herein;

13. That the Plaintiff received an email confirming his interest in having applied for the Federal Substance Abuse Prevention Coordinator position with Accenture Federal Services;
14. That Kathy Peterson contacted the Plaintiff, identifying herself as a recruiter for the position, and set up an initial interview;
15. That on January 13, 2014 the Plaintiff completed the EEO affirmative action information requested by Ms. Peterson;
16. That at 1:43 pm the same day, Ms. Peterson conducted a telephonic interview with the plaintiff where he disclosed his criminal history;
17. That during this discussion Ms. Peterson discussed the relevancy of the Plaintiff's history;
18. That during this discussion Ms. Peterson stated that the Plaintiff's history could be beneficial to the position and its duties;
19. That on January 14, 2014 the Plaintiff received electronic login information from HireRight Customer Support;
20. That later that day the Plaintiff had a second interview with Ms. Peterson;
21. That on January 15, 2014 the Plaintiff had a third telephonic interview, conducted by Corey Joyal;
22. That on January 27, 2014 Patricia Bocenegra contacted the Plaintiff to discuss his criminal history;
23. That on February 1, 2014 the Plaintiff received an email from Kathy Peterson stating that the Plaintiff's start date was February 10, 2014;
24. That on February 4, 2014 the Plaintiff received an email stating that an Accenture provided laptop was being shipped to the Plaintiff;

25. That on February 5, 2014 the Plaintiff received a congratulatory email from Accenture Human Resources regarding the Plaintiff's acceptance of the position of Prevention Coordinator;

26. That the Plaintiff received an email from David Carter on February 6, 2014 confirming that orientation would begin on February 10, 2014;

27. That Plaintiff began orientation and working as Prevention Coordinator on February 10, 2014;

28. That on April 11, 2014 the Plaintiff received and email from the PSIP Center of Excellence regarding necessary revisions to his military background check;

29. That on April 21, 2014 the Plaintiff sent his final revisions to PSI-CoE via fax;

30. That on May 2, 2014 the Plaintiff had a discussion with Major Harvey to review the Plaintiff's performance;

31. That Major Harvey informed the Plaintiff that the Major was pleased with the Plaintiff's performance;

32. That later that day, (May 2, 2014) after logging on to a weekly 2:00 pm conference call, the Plaintiff was told to leave the conference call by Christine Burname;

33. That at approximately 1:59 p.m. on May 2, 2014 the Plaintiff was informed by Olivia Smith that he had "failed" his background check and did not need to report back to the worksite;

34. That at 3:25 p.m. on May 2, 2014, Rachel Lovejoy informed the Plaintiff that he had "failed" due to his criminal record;

35. That on May 8, 2014, despite being told that he had "failed" by Ms. Lovejoy six days previously, the Plaintiff received an email from the PSIP Center of Excellence requesting additional revisions to his military background check documentation;

36. That Plaintiff contacted his previous supervisor to inquire about the email concerning this ongoing investigation;

37. That after that conversation, on May 8, 2014 at 3:42 pm the Plaintiff received an email from the PSIP Center of Excellence stating that the background investigation was no longer required;
38. On May 29, 2014 Ms. Lovejoy contacted the Plaintiff regarding Transition Services Inc.;
39. That on June 2, 2014 the Plaintiff had a final discussion with Ms. Lovejoy regarding employment with the company where Ms. Lovejoy told the Plaintiff to sign and date the transition document she provided the Plaintiff. Ms. Lovejoy stated that the Plaintiff had 21 days to reply with the request;
40. That while logged in to his work computer on June 2, 2014, the Plaintiff viewed the monthly status report written by Barbara Conley (Savanah), the Alcohol and Drug Control Officer, stating that her background investigation application had been canceled;
41. That on June 3, 2014 this report had been revised to omit mention of the background investigation cancelation;
42. That the Plaintiff and Barbara Conley (Savanah) had applied for their military clearances on the same day;
43. That the Plaintiff required a SF-85 background check;
44. That the SF-85 background check only requires a 5 year criminal history record;
45. That a felony conviction alone is not enough to disqualify someone from holding a security clearance;
46. That standards on prior criminal history are lower for background checks conducted with the SF-85 form;
47. That Defendant Accenture lied to the Plaintiff about "failing" a background check;
48. That when someone "fails" a background check, they receive a letter stating the reasons for denial of clearance;

49. That the Plaintiff did not receive such a letter;

50. That a rejection letter would include an option to appeal or apply for a waiver;

51. That the Plaintiff was not provided with such an opportunity, in denial of his rights;

52. That the Plaintiff was told he failed on the same day that the government requested more information to complete the background check;

**COUNT I: RACIAL DISCRIMINATION**

53. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 52 above, as if fully set forth with particularity herein;

54. That Defendant Accenture Federal Services meets the definition of employer under KRS §344;

55. That Defendant Accenture Federal Services, through Defendant Smith, targeted Plaintiff, in part, due to his race;

56. That Defendant Smith showed favoritism to Caucasian employees by not requiring the completion of a background check;

57. That this constitutes racial discrimination under KRS §344.040;

58. That Plaintiff having shown that he was treated differently, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Accenture;

**COUNT II: PROMISSORY ESTOPPEL**

59. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 58 above, as if fully set forth with particularity herein;

60. That Plaintiff informed Defendant Accenture of his prior criminal convictions;

61. That Defendant Accenture, through their authorized agent Ms. Peterson, promised Plaintiff that this would not be an issue;

62. That Ms. Peterson made this promise in order to induce the Plaintiff into continuing to go through the hiring process for Defendant Accenture;

63. That Plaintiff relied on Defendant Accenture's promises to his detriment;

64. That Plaintiff's reliance was reasonable;

65. That Plaintiff having shown that promises were made and broken, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Accenture;

**COUNT III: PROMISSORY ESTOPPEL**

66. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 65 above, as if fully set forth with particularity herein;

67. That by maintaining, issuing, and publishing a policy and procedures document that stated that all employees would be treated equally, and provided the same protections, Defendant Accenture warranted that it would not tolerate unequal treatment towards employees;

68. That Defendant Accenture tolerated Defendant Smith's discriminatory actions;

69. That Plaintiff relied on Defendant Accenture's promises to his detriment;

70. That Plaintiff's reliance was reasonable;

71. That Plaintiff having shown that promises were made and broken, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Accenture;

## COUNT IV: NEGLIGENT HIRE/RETENTION/SUPERVISION

72. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 71 above, as if fully set forth with particularity herein;

73. That Defendant Accenture Federal Services hired a person who failed to apply the employment rules of Accenture uniformly in Defendant Smith;

74. That Defendant Accenture had a duty to investigate Defendant Smith's professional conduct;

75. That Defendant Accenture knew or should of known of Defendant Smith's propensity to selectively favor co-workers;

76. That Plaintiff was subjected to Defendant Smith's harassment and unfair practices;

77. That as a direct and proximate result of Defendant Smith's actions and Defendant Accenture's failure to act, Plaintiff suffered hardships caused by Defendant Smith's tortious behavior;

78. That Plaintiff having shown that he was treated differently, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Accenture;

## COUNT V: FAILURE TO PROTECT

79. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 78 above, as if fully set forth with particularity herein;

80. That Defendant Accenture was under an obligation to maintain a safe atmosphere for employees;

81. That Defendant Accenture hired Defendant Smith;

82. That Defendant Smith engaged in a course of conduct that was abusive, discriminatory, and tortious as described hereinabove;

83. That Defendant Accenture tolerated Defendant Smith's behavior and was on notice of it;

84. That Plaintiff was a victim of Defendant Smith's unfair treatment and Defendant Accenture did not act to protect Plaintiff to his detriment;

85. That Plaintiff having shown that he wasn't protected, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Accenture;

**COUNT VI: GENDER DISCRIMINATION**

86. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 85 above, as if fully set forth with particularity herein;

87. That Defendant Accenture gave females, such as Defendant Smith, unlawful preferential treatment compared to males;

88. That Defendant Accenture's waiver of Defendant Smith's background check, and the arbitrary termination of the Plaintiff's shows discriminatory intent;

89. That Defendant Accenture's pretextual excuse of the Plaintiff's criminal history would have an unlawful disparate impact upon the male population if it were true;

90. That Plaintiff having shown that he wasn't protected, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Accenture;

**COUNT VII: DENIAL OF DUE PROCESS**

91. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 90 above, as if fully set forth with particularity herein;

92. That Defendant Accenture was acting as an agent for the Kentucky National Guard;

93. That Defendant Accenture failed to provide the Plaintiff with proper notice of the background investigation termination and his subsequent appeal rights;

94. That Defendant Accenture's actions violate the Plaintiff's Due Process rights;

95. That Plaintiff, having shown that his constitutional rights were not protected by Defendant Accenture, to his detriment, and has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during his employment with Defendant Accenture;

**WHEREFORE**, the Plaintiff, Mr. Brown, prays that this Court:

1. Declare Defendant Accenture's and Defendant Smith's conduct in violation of Mr. Brown's rights;

2. Award Mr. Brown compensatory damages in such amounts as shall be proved at trial for his economic and other losses;

3. Award Mr. Brown damages in an amount to be proved at trial for the humiliation, embarrassment, personal indignity, apprehension about his future, emotional distress, and mental anguish, which Defendants caused Mr. Brown by their illegal, and discriminatory acts toward him;

4. Award Mr. Brown punitive damages against Defendant Accenture for the serious intentional wrongs it committed against him, alleged herein above;

5. Award Mr. Brown costs, interest, and attorneys' fees pursuant to KRS 344; and

6. Grant him such further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff, Mr. Brown, demands a jury to try all issues triable by jury.

Respectfully Submitted,

Samuel G. Hayward Jr.
Adams Hayward & Welsh
4036 Preston Highway
Louisville, KY 40213
(502) 366-6456
Counsel for Plaintiff

**VERIFICATION**

I, Ivan Brown, have read the foregoing and the matters of fact therein set forth are true, as I verily believe.

Executed in Fayette County, Kentucky, this 23 day of February, 2015.

Ivan Brown
IVAN BROWN

COMMONWEALTH OF KENTUCKY )
)SCT.
COUNTY OF Fayette )

Sworn, subscribed to and acknowledged before me, a Notary Public, within and for the Commonwealth of Kentucky at large, by IVAN BROWN this 23 day of February, 2015.

My Commission Expires: 1/31/19
Notary ID: 525246

Kathryn Whalen
NOTARY PUBLIC
STATE AT LARGE, KY