UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| IVAN LYDELL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:15-cv-00024-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ACCENTURE FEDERAL SERVICES | ) | **&** |
| and OLIVIA SMITH, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Ivan Brown has asked the Court to vacate its opinion and judgment granting Accenture Federal Services and Olivia Smith's motion to dismiss Brown's claims.  As grounds for his motion to vacate, Mr. Brown contends the Court committed manifest errors of law by requiring him to plead a prima facie case of race and gender discrimination in his complaint.  After carefully reviewing the parties' arguments, the Court's prior opinion, and the relevant case law, the Court DENIES the motion to vacate.

**I**

The factual background of this case is described in detail in the Court's June 2016 memorandum opinion and order.  [*See* R. 20 at 1-6.]  Because Mr. Brown does not challenge the Court's discussion of the facts in any way, the Court incorporates that portion of the memorandum opinion and order by reference herein.  In short, Mr. Brown, an African American male, filed suit against his former employer Accenture Federal Services ("AFS") and AFS employee Olivia Smith for racial discrimination in violation of the Kentucky Civil Rights Act; promissory estoppel; negligent hiring and supervision; failure to protect; reverse gender

discrimination; and a due process violation.  [*See* R. 14.]  Brown later agreed to drop all claims except for the racial discrimination, gender discrimination, and related common law promissory estoppel counts.  [*See* R. 18 at 1.]  AFS and Olivia Smith then filed a Rule 12(b)(6) motion to dismiss.  [R. 15.]

Upon review, the Court determined Brown's claims could not survive the Defendants' motion.  The Court discussed the prima facie elements of Brown's racial and gender discrimination claims and ultimately concluded Brown had not alleged sufficient facts to proceed on those claims.  The Court also dismissed Brown's promissory estoppel allegations as conclusory and insufficient to satisfy the pleading standards set forth in Federal Rule of Civil Procedure 8.  [R. 20.]

Brown does not challenge the Court's dismissal of the promissory estoppel claim, but he takes issue with the Court's treatment of the racial and gender discrimination claims.  Specifically, Brown contends the Court erred "by requiring Plaintiff to plead facts supporting each element of a prima facie case of race (Count I) and gender discrimination (Count VI) in order to defeat Defendant's Motion to Dismiss."  [R. 22-1 at 2.]  Accordingly, brown asks the Court to vacate its June 2016 judgment pursuant to Federal Rule of Civil Procedure 59(e).

## II

### A

Federal Rule of Civil Procedure 59(e) allows a litigant to file a motion to alter or amend a judgment of a district court.  Motions to alter or amend a judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in the law, or to prevent manifest injustice.  *See, e.g.*, *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir. 1999).  Notably, a motion under Rule 59(e) is "not an opportunity to re-argue a case."  *Sault*

2

*Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Further, a

"manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale

disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan*

*Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Whether to grant or deny a Rule 59(e) motion is

generally a matter within the district court's sound discretion. *See Engler*, 146 F.3d at 374.

## B

Mr. Brown argues the Court incorrectly required him to plead facts supporting each

element of a prima facie case of race and gender discrimination. To begin, the Court

acknowledges an inaccurate statement in its opinion which suggests the Court was concerned

only with whether Brown had pled all elements of a prima facie case. The Court's opinion reads:

"As a threshold matter, it is important to clarify that the question presently before the Court is

only whether Brown has pled sufficient facts to make out a prima facie case." [R. 20 at 11-12.]

But as Mr. Brown points out, and as set forth in binding Sixth Circuit precedent, the *McDonnell*

*Douglas Corp. v. Green* framework for proving discrimination claims is not an actual pleading

requirement. *See* 411 U.S. 792, 802 (1973).

In *Keys v. Humana, Inc.*, the Sixth Circuit considered a district court's dismissal of a

plaintiff's discrimination claim due to the plaintiff's failure to plead a prima facie discrimination

case. Reversing the district court, the Sixth Circuit explained the following:

> The district court's requirement that Keys's complaint establish a prima facie case
> under *McDonnell Douglas* and its progeny is contrary to Supreme Court and Sixth
> Circuit precedent. In *Swierkiewicz v. Sorema*, the Supreme Court unanimously
> held that the prima facie case under *McDonnell Douglas* is an evidentiary
> standard, not a pleading requirement. 534 U.S. 506, 510, 122 S.Ct. 992, 152
> L.Ed.2d 1 (2002).
>
> . . .
>
> The Supreme Court's subsequent decisions in *Twombly* and *Iqbal* did not alter its

holding in *Swierkiewicz*. *Twombly* distinguished *Swierkiewicz*, explaining that the prior case "did not change the law of pleading," but simply reemphasized that application of the *McDonnell Douglas* prima facie case at the pleading stage "was contrary to the Federal Rules' structure of liberal pleading requirements."

. . .

Therefore, it was error for the district court to require Keys to plead a prima facie case under *McDonnell Douglas* in order to survive a motion to dismiss.

684 F.3d 605, 609 (6th Cir. 2012).

If the Court's opinion had, in fact, dismissed Mr. Brown's discrimination claims solely for failure to plead a prima facie case, Brown's Rule 59(e) motion to vacate would be well-taken. However, the Court's opinion on the whole makes clear that Brown's claims fail to satisfy the plausibility standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), regardless of whether Brown pled a prima facie case under *McDonnell Douglas*.

Throughout the Court's opinion, the Court pointed out ways in which Mr. Brown failed to present facts to back up his conclusory assertions. Regarding Brown's racial discrimination claim, the Court was troubled by the lack of factual support tending to prove Brown actually could have been fired because of his race. Although AFS told Mr. Brown he was being terminated because of his criminal record [R. 14 at ¶¶ 57-58], Brown maintains that AFS actually targeted him "in part, due to his race" and that AFS "showed favoritism to Caucasian employees by not requiring the completion of a background check." [R. 14 at ¶¶ 92-93.] The only factual example Brown offers to support these claims is that "Ms. Barbra Conley, a similarly situated Caucasian employee with Defendant AFS, had her background check cancelled, despite applying for military security clearance on the same day, and receiving the same email as Plaintiff regarding military security clearance." [*Id.* at ¶ 94.]

4

Interestingly, however, Mr. Brown does not suggest even in the slightest that Ms. Conley, the white employee who allegedly had her background check cancelled, had a similar criminal record. He does not even allege that both he and Conley were subject to the same background check requirements. In fact, the two individuals had different job titles at AFS. Ms. Conley was employed as an Alcohol and Drug Control Officer who served as a "director supervisor" to Brown [*id.* at ¶ 67], and Brown was employed as Substance Abuse Prevention Coordinator. [*Id.* at ¶¶ 15-17]. The complaint contains no references to racially charged language used by AFS employees, no hint of a pattern of conduct engaged in by AFS that favored Caucasians, and no explanation of how Mr. Brown and Ms. Conley were actually similarly situated. Even construing the complaint in the light most favorable to Mr. Brown, *see, e.g.*, *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005), Brown's racial discrimination claim simply does not "allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that AFS discriminated against him because of his race. *Keys*, 684 F.3d at 610 (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678-79).

Relatedly, Brown's complaint is devoid of sufficient facts to allow the court to reasonably infer AFS discriminated against him because of his gender. *Id.* Brown's complaint indicates that AFS gave females, such as Defendant Olivia Smith, "unlawful preferential treatment compared to males; that AFS's "waiver of Defendant Smith's background check, and the arbitrary termination of the Plaintiff's shows discriminatory intent;" and that "AFS's pretextual excuse of the Plaintiff's criminal history would have an unlawful disparate impact upon the male population if it were true." [R. 14 at ¶¶ 130-32.] But Brown fails to back up his claim for gender discrimination with much beyond the mere assertion that he is a man, and

5

therefore his termination must have been discriminatory.  *See Sam Han v. University of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013) (dismissing gender discrimination claim in a similar case).

The Court, therefore, reasonably concluded that Brown's racial and gender discrimination claims must be dismissed—not only because of Brown's failure to plead a prima facie case of the discrimination claims, but because of Brown's failure to adhere to the *Twombly* and *Iqbal* pleading standards.  The Court's overall reasoning in its June 2016 opinion and at present is similar to the logic displayed by the Sixth Circuit in *House v. Rexam Beverage Can Co.*, 630 F. App'x 461 (6th Cir. 2015).  In that case, Judge Siler on behalf of the panel affirmed a district court's decision to dismiss a plaintiff's age discrimination claim, noting the plaintiff's complaint was devoid of facts that would support a reasonable inference of age discrimination.  *Id.* at 463. While the complaint alleged the employer treated the plaintiff less favorably than younger, similarly situated employees, the complaint did not offer any facts—such as comments made by the employer about age, a pattern of relevant behavior by the employer, or details about the employer's treatment of other employees—to actually support the plaintiff's "bare assertions" of age discrimination.  *Id.  See also Sam Han*, 541 F. App'x 622 (holding, in a race and gender discrimination case, that dismissal was proper where the plaintiff failed to plead more than his own race and gender in support of his claims).

On the whole, the Court acknowledges the undue emphasis the June 2016 opinion placed on the *McDonnell Douglas* framework at the Rule 12(b)(6) stage, as that framework is "an evidentiary standard, not a pleading requirement."  *See Keys*, 684 F.3d at 609.  Nevertheless, Mr. Brown's amended complaint still fails to survive the Defendant's motion to dismiss because of its failure to satisfy the plausibility pleading requirements required under *Twombly* and *Iqbal*. *See id.* at 610.  Mr. Brown's racial and gender discrimination claims are not plausible on their

face, and "a complaint that allows the court to infer only a mere possibility of misconduct is insufficient to . . . meet the pleading requirements of Rule 8." *Sam Han*, 541 F. App'x at 626 (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 679).  Therefore, the Court did not commit manifest errors of law in its prior analysis, and there is no need to vacate that opinion and judgment.

**III**

Accordingly, the Court hereby **ORDERS** that the Plaintiff's Motion to Vacate [R. 22] is **DENIED**, and this matter is once again **STRICKEN** from the Court's active docket.

This the 7th day of February, 2017.

Gregory F. Van Tatenhove
United States District Judge